# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Raffele J. Floyd, | Civil Action No. 3:16-cv-02622-TLW |
| Plaintiff, | |
| v. | **ORDER** |
| Richland County; Richland County Sheriff Department; and South Carolina Department of Motor Vehicles, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Raffele J. Floyd's Motion for Reconsideration, ECF No. 16, which seeks reconsideration of the Court's Order dismissing his case without prejudice.

On August 3, 2016, a Report and Recommendation ("the Report") was filed recommending Plaintiff's case be dismissed without prejudice. ECF No. 9. Objections to the Report were due on August 22, 2016, but Plaintiff did not file objections. On May 8, 2017, the Court accepted the Report and dismissed Plaintiff's claims without prejudice. ECF No. 12. On December 1, 2017, Plaintiff filed the instant Motion for Reconsideration on the grounds that he "didn't receive a letter … in the mail." ECF No. 16. After carefully reviewing the relevant filings, the Court concludes that Plaintiff has not set forth grounds for the Court to alter, amend, or grant relief from judgment in this case.

Under Rule 59 of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." *See* F.R.C.P. 59(e). Judgment in this case was entered on May 9, 2017. ECF No. 13. Plaintiff did not file his Motion for Reconsideration until December 1, 2017, approximately 7 months after judgment was entered,

1

which is beyond the 28-day deadline set forth in Rule 59(e). Therefore, Plaintiff's Motion for Reconsideration is untimely with respect to altering or amending judgment in his favor pursuant to Rule 59(e).

Under Rule 60 of the Federal Rules of Civil Procedure, the Court may relieve a party from a judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment is satisfied, released, or discharged; or (6) any other reason that justifies relief. *See* F.R.C.P. 60(b). Plaintiff's only argument as a ground for relief is that he "didn't receive a letter … in the mail." He does not present sufficient evidence in support of any Rule 60(b) factor for which the Court may grant relief. Thus, Plaintiff's Motion for Reconsideration does not meet the Rule 60(b) standard to relieve him from judgment in this case.

In sum, the Court finds that Plaintiff fails to set forth a sufficient basis under Rules 59(e) and 60(b) to be relieved of the Court's Order dismissing this case. Further, the Court notes that this case was dismissed without prejudice. For the reasons stated, Plaintiff's Motion for Reconsideration, ECF No. 16, is hereby **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

April 20, 2018
Columbia, South Carolina